

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,741-01 AND WR-81,741-02

### EX PARTE ERIK CHRISTIAN PINKSTON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 0815417D AND 0815422D IN THE 372ND DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of robbery, and received concurrent sentences of fifteen years' imprisonment.

Applicant contends that he was approved for parole *in absentia* in 2010, and was released to parole while in federal custody. Applicant alleges that after he discharged his federal sentence and was released by federal authorities, he was improperly arrested and brought back to Tarrant County, where his parole was revoked without notice or a hearing. TDCJ has provided an affidavit, stating

that although Applicant was approved for parole in 2010, the approval was withdrawn on July 14, 2011, because Applicant refused to sign the parole certificate. According to the affidavit, Applicant was never released on parole, and therefore his parole was never revoked.

In support of his allegations, Applicant provides a copy of the parole certificate apparently signed by him and witnessed on August 12, 2010. Applicant also provides an undated document entitled "Release to Federal Detainer," which appears to approve his release to the Federal Bureau of Prisons. Applicant alleges that these documents show that he was in fact released to parole while in federal custody, and that he should therefore have received notice and a hearing before his Texas parole was revoked.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court may order the Texas Department of Criminal Justice's Office of the General Counsel to file an additional affidavit addressing Applicant's allegations in more detail, and explaining Applicant's history of incarceration and release.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to where Applicant has been serving his sentences in these two cases. If Applicant has been serving these sentences in federal custody, the trial court shall make findings as to whether there have been state detainers in effect during any time

Applicant has been in federal custody, and if so the trial court shall make findings as to the specific dates when any such detainers were in effect. The trial court shall make findings as to whether the parole certificate provided by Applicant, which appears to have been signed by Applicant and witnessed on August 15, 2010, and the "Release to Federal Detainer" are authentic documents. If the trial court finds that those documents are what they purport to be, the trial court shall make findings as to why TDCJ did not acknowledge Applicant's release to parole. If the trial court finds that Applicant was never released to parole, the trial court shall make findings as to why Applicant was released from federal custody upon the expiration of his federal sentence without being returned to Tarrant County. The trial court shall make findings of fact as to where Applicant is currently confined, and as to how much time is remaining on his sentences. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish